**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARGHAVAN SALLES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-10510<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR STAY AND PRELIMINARY INJUNCTION** |

The Court, having considered Plaintiffs' Motion for Stay and Preliminary Injunction, the supporting record, Defendants' response, and Plaintiffs' reply, GRANTS the motion for the reasons stated in the accompanying opinion and ORDERS as follows.

1. This Order applies to and is enforceable by the named Plaintiffs and members of the two provisionally certified classes, namely, (a) the Termination Class, which consists of all principal investigators, multiple-principal investigators, researchers, or project leaders for NIH research grants identified for termination based on the Challenged Policies, whose grants remain terminated; and (b) the Policy Class, which consists of all persons who have an existing NIH grant and/or who applied or will apply for an NIH grant whose grant or application is subject to termination, denial, rephrasing, or renegotiation based on the Challenged Policies; and all persons who would apply for an NIH grant but for the Challenged Policies.

2. For purposes of this Order, the Challenged Policies include requirements described and implemented through the February 21, 2025 Memoli Directive; the March–May 2025 Award Assessments Guidance; the August 15, 2025 and July 2, 2026 Bhattacharya Directives; the November 18, 2025 Compliance Reminder, NOT-OD-26-007; the December 12, 2025 Staff Guidance; and associated unwritten protocols.

3. These Challenged Policies:

a. Terminate, screen, disadvantage, or require alteration of NIH grant applications or funded projects because researchers express, or are perceived or expected to express, disfavored viewpoints concerning diversity, equity, and inclusion; gender identity; climate change; vaccines; misinformation; or the health effects of public policies;

b. Terminate, screen, disadvantage, or require alteration of NIH grant applications or funded projects because of their actual or perceived connection to diversity, equity, and inclusion, including the mention of minorities and diverse study populations; gender identity; climate change; vaccine hesitancy; misinformation; or the health effects of public policies, without any reasoned explanation or, in some instances, any public acknowledgment;

c. Require additional final approval by NIH's Office of Extramural Research and/or HHS under the priority-alignment review process after approval by the relevant Institute or Center Director; and

d. Require termination of existing awards for misalignment with agency priorities adopted after the awards were made.

4. Pursuant to 5 U.S.C. § 705, the operation and implementation of the Challenged Policies are STAYED.

5. Defendants are PRELIMINARILY ENJOINED from applying the Challenged Policies to Plaintiffs or members of either class during the pendency of this litigation. This prohibition includes, but is not limited to: (a) flagging or subjecting applications or awards to additional review pursuant to the Challenged Policies described in paragraph 3(a) of this Order; (b) compelling changes to grant language or resulting speech as a condition of funding pursuant to the Challenged Policies described in paragraph 3(a) of this Order; (c) denying, terminating, suspending, withholding, or delaying funding pursuant to the Challenged Policies described in paragraphs 3(a) and 3(b) of this Order; (d) usurping IC Directors' final decisionmaking authority pursuant to the Challenged Policies described in paragraph

3(c) of this Order; or (e) terminating grants for misalignment with subsequent agency priorities pursuant to the Challenged Policies described in paragraph 3(d) of this Order. Defendants are further PRELIMINARILY ENJOINED from enforcing award conditions resulting from compelled alterations or otherwise penalizing researchers for research-related speech consistent with the original terms of their grants during the pendency of this litigation. Defendants may not take any of the actions described in this paragraph through a renamed, successor, or substitute policy, guidance, or directive.

6. Defendants are PRELIMINARILY ENJOINED from effectuating or maintaining in any way the terminations of NIH grants held by, or supporting, Plaintiffs or members of the Termination Class that were terminated in retaliation for protected speech and/or based on the viewpoint criteria described in paragraph 3(a).This preliminary injunction requires a return to the status quo as it existed just prior to the termination for each award, where the status quo is defined by the amount of time that was remaining on the grant at the moment of the given termination..

7. The parties shall meet and confer to address the situation of any Plaintiffs or members of the Termination Class who need a transfer or No Cost Extension to be returned to the status quo.

8. Within 3 business days of this Order, Defendants shall distribute this Order and implementing instructions to personnel responsible for administering the affected grants and applications.

9. Within 14 days of this Order, Defendants shall file a declaration identifying the actions taken to comply with this Order, the status of all affected awards and applications, any outstanding implementation steps, and the reasons those steps remain incomplete. Defendants shall file supplemental reports every 14 days thereafter until implementation is complete or the Court orders otherwise.

10. This Order binds Defendants and their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them, who receive actual notice of this Order, as provided by Federal Rule of Civil Procedure 65(d)(2).

.

11. In the interest of justice and finding good cause shown, the Court waives security under Federal Rule of Civil Procedure 65(c).

12. This Order takes effect immediately and remains in effect until further order of the Court.

IT IS SO ORDERED.

Dated:

______________________________

Honorable Sallie Kim
United States Magistrate Judge

.