BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
JORDAN A. HULSEBERG (D.C. Bar No. 90033542)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-3856
Email: jordan.a.hulseberg2@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARGHAVAN SALLES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>Defendants. | Case No. 26-cv-10510<br><br>DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS PURSUANT TO CIVIL LOCAL RULE 7-11<br><br>The Hon. Vince Chhabria |

**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS PURSUANT TO CIVIL LOCAL RULE 7-11**

Defendants respectfully submit this Motion for Administrative Relief, pursuant to Civil Local Rule 7-11, to exceed the 25-page limit set forth in this Court's Local Rules and file a memorandum of up to 35 pages for Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

At the outset, Defendants acknowledge the Court's Standing Order, which provides, at paragraph 38, that "[m]otions to increase page limits will almost never be granted, but any such motion must be filed no later than 72 hours before the brief is due." Plaintiffs take no position on this Motion. Defendants respectfully request the Court depart from this instruction due to the unique procedural circumstances of this case. In support of their request, Defendants provide the following showing of good cause:

1. . Plaintiffs challenge policies adopted by the National Institutes of Health ("NIH") and other Defendants regarding NIH grantmaking requirements. These policies are the product of Presidential Executive Orders and affect millions of dollars of government funds. Plaintiffs' Motion for Preliminary Injunction raises multiple constitutional claims under the First Amendment, as well as claims that the policies are contrary to law and arbitrary and capricious under the Administrative Procedure Act. This case also involves numerous issues of fact and includes fourteen named Plaintiffs representing two putative classes. And as Plaintiffs have asserted, "this case requires presentation of extensive evidence" of Defendants' conduct. *Id.*

2. Plaintiffs moved for an identical enlargement of pages for their Motion for Preliminary Injunction, from 25 pages to 35 pages, on September 24, 2026, ECF No. 32, which Defendants did not oppose, *id.* at 4, and which the Court granted on October 7, 2026, ECF No. 71.

3. On October 8, 2026, the Court denied Plaintiffs' Motion to Proceed Pseudonymously and ordered Plaintiffs "to file an amended complaint . . . that either reveals the names of the Doe plaintiffs or drops them from this suit" by October 15, 2026. Text Order, ECF No. 74.

4. On October 9, 2026, the Court ruled on the Parties' Stipulation for a proposed briefing schedule, ECF No. 73, in which Defendants' Oppositions to Plaintiffs' Motion for Preliminary Injunction and Motion for Provisional Class Certification were proposed to be due October 21 and October 22, 2026, respectively. The Court granted this schedule, as modified, ordering Defendants to oppose Plaintiffs' Motion for Preliminary Injunction and Motion for Provisional Class Certification by October 14 and October 15, 2026, respectively.

5. Given the practical challenge of opposing Plaintiffs' Motions—which reference the Jordan Doe plaintiffs' declarations—without knowing which Plaintiffs, if any, would be dropped from the suit, Defendants moved to amend the briefing schedule on October 12, 2026, ECF No. 76, which the Court denied on October 13, 2026, but nevertheless extended Plaintiff's Opposition deadlines to October 16, 2026, ECF No. 77.

6. On October 13, 2026, at approximately 6:50 p.m. PDT, Plaintiffs filed their Amended Complaint, which dropped three pseudonymously identified plaintiffs from the litigation. ECF No. 78. Defendants immediately and diligently reviewed the Amended Complaint to prepare their Oppositions. Approximately 77 hours remained before Plaintiffs' Opposition deadlines.

7. On October 14, 2026, Defendants determined that, while they had endeavored to present their legal defenses and arguments to the Court concisely, the breadth of the factual and legal issues involved could not be adequately addressed in 25 pages. Accordingly, that same day, at 10:09 p.m. PDT, undersigned counsel contacted Plaintiffs' counsel with a draft stipulation and proposed order for a ten-page enlargement to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs responded on October 15, 2026, declining to stipulate to the enlargement of pages under Paragraph 38 of the Court's Standing Order.

8. Given the accelerated timeline of this briefing and a recently filed Amended Complaint, Defendants were unable to determine, with certainty, that they could not brief their legal defenses and arguments in this case in 25 pages or less until October 14, 2026. Defendants therefore respectfully request an additional ten (10) pages, commensurate with Plaintiffs' enlargement to their Motion for Preliminary Injunction, to present them fully to the Court.

DATED: October 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Jordan A. Hulseberg*
JORDAN A. HULSEBERG
(D.C. Bar No. 90033542)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-3856
Email: Jordan.A.Hulseberg2@usdoj.gov

*Attorneys for United States*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
JORDAN A. HULSEBERG (D.C. Bar No. 90033542)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-3856
Email: jordan.a.hulseberg2@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARGHAVAN SALLES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>Defendants. | Case No. 26-cv-10510<br><br>DECLARATION OF JORDAN A. HULSEBERG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS PURSUANT TO CIVIL LOCAL RULE 7-11<br><br>The Hon. Vince Chhabria |

**DECLARATION OF JORDAN A. HULSEBERG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITS PURSUANT TO CIVIL LOCAL RULE 7-11**

I, Jordan A. Hulseberg, declare:

1. I am a trial attorney at the United States Department of Justice, Civil Division, Federal Programs Branch, and I am a member in good standing of the District of Columbia Bar.

2. I submit this declaration in support of Defendants' Administrative Motion for Leave to Exceed the Page Limit for their Opposition to Plaintiffs' Motion for Preliminary Injunction. I make this declaration based on my personal knowledge and, if called to testify, could and would testify as stated herein.

3. For the reasons stated within Defendants' Administrative Motion for Leave to Exceed Page Limits Pursuant to Civil Local Rule 7-11, to which this Declaration is attached, unique procedural circumstances limited Defendants' ability to determine, with certainty, that they could not brief their legal defenses and arguments in this case in 25 pages or less until October 14, 2026, though they had endeavored to be concise and diligently prepared their Oppositions.

4. On October 14, 2026, at approximately 10:09 p.m. PDT, Defendants contacted Plaintiffs' counsel by email and transmitted a draft stipulation and proposed order, reflecting Defendants' request for a 10-page enlargement, commensurate with the enlargement of Plaintiffs' Motion for Preliminary Injunction that Defendants did not oppose. The following day, Plaintiffs declined to agree to the stipulation, citing Paragraph 38 of the Court's Standing Order.

5. Plaintiffs accordingly take no position on Defendants' Motion.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Washington, D.C. on this 15 day of October 2026.

*<u>/s/ Jordan A. Hulseberg</u>*
JORDAN A. HULSEBERG
Counsel for Defendants

# [PROPOSED] ORDER

In consideration of Defendants' Administrative Motion for Leave to Exceed Page Limitations Under Local Rule 7-11, the Court finds good cause exists for a ten-page enlargement of the page limitation for Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, and hereby **GRANTS** Plaintiffs' Administrative Motion. **SO ORDERED**.

Date: October 15, 2026

The Hon. Vince Chhabria
U.S. District Judge
Northern District of California