AMERICAN CIVIL LIBERTIES UNION FOUNDATION

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Northern California

October 21, 2026

**VIA ECF**

The Honorable Vince Chhabria
United States District Court for the Northern District of California
Courtroom 3 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Salles, et al. v. National Institute of Health, et al.*, No. 3:26-cv-10510-VC**

Dear Judge Chhabria:

Plaintiffs respectfully submit this letter brief to address the two questions that the Court identified in its October 14, 2026 Order (ECF 81). For the reasons below, Plaintiffs answer as follows: *First*, because the same Rule 23 requirements apply to "provisional" and "ordinary" class certification, this Court should treat Plaintiffs' motion for provisional class certification (ECF 52) as a motion for class certification. *Second*, although one claim (Count 6) is currently appropriate for summary judgment, the Court should not convert the entire motion for stay and preliminary injunction (ECF 33) into a motion for summary judgment absent a stipulation as to the relevant facts.

**1. Motion for Provisional Class Certification (ECF 52).**

Provisional certification is appropriate because Plaintiffs are seeking preliminary relief. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1005 (9th Cir. 2020); *Thakur v. Trump*, 787 F. Supp. 3d 955, 998–1004 (N.D. Cal. 2025), *aff'd in part, rev'd in part on other grounds*, 176 F.4th 1187 (9th Cir. 2026); *Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 38 (N.D. Cal. 2020). But, as Plaintiffs acknowledged in their motion (ECF 52 at 13), the same Rule 23 standards control both provisional class certification and "ordinary" class certification. *See Thakur*, 787 F. Supp. 3d at 997; *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 179–80 (D.D.C. 2015).

In their motion, Plaintiffs have shown that both the proposed Termination Class and Policy Class meet the requirements of Rule 23(a) and 23(b)(2). *See* ECF 52 at 13–24. That showing equally justifies granting full class certification. And that is especially true here, where Defendants' objections to class certification—concerning Plaintiffs' standing, Rule 23 commonality and typicality, and purported manageability concerns—do not identify any factual dispute that further record development would resolve. *See* ECF 85 at 6–14.

Accordingly, it is Plaintiffs' position that this Court should treat their motion for provisional class certification as a motion for class certification. If this Court does so, however, Plaintiffs request that the Court expressly grant them the opportunity to supplement their motion or redefine the classes to account for any additional facts that may arise in discovery and a more fully developed record. While class certification always "may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(C); *see R.I.L-R*, 80 F. Supp. 3d at 180, Plaintiffs make this explicit request in light of this Court's warning that plaintiffs' counsel "may have only one chance to seek class certification," Standing Order for Civil Cases Before Judge Chhabria ¶ 56 (N.D. Cal. June 26, 2026).

**2. Motion for Stay and Preliminary Injunction (ECF 33).**

Plaintiffs sought preliminary relief in light of the irreparable harm facing the named Plaintiffs and putative class members absent relief. While Plaintiffs would welcome the opportunity to obtain a final judgment on the merits and resolution of this matter as quickly as possible, they are also cognizant that an administrative record and further factual development may be necessary to *prove* the extent and scope of Defendants' agency actions and render all of Plaintiffs' claims appropriate for summary judgment. *See, e.g.*, *Delta Smelt Consol. Cases v. Salazar*, 686 F. Supp. 2d 1026, 1033 (E.D. Cal. 2009) ("For a preliminary injunction, plaintiffs only had to establish that they are 'likely' to meet [their] burden . . . . On summary judgment, plaintiff must *actually* prove success by a preponderance of the evidence." (emphasis in original)); *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) ("Summary judgment substitutes for trial," while preliminary injunction "does not substitute for a trial.").

As such, Plaintiffs believe that the motion for preliminary injunction could be converted to a motion for summary judgment if the parties can agree before the November 18, 2026 hearing to a joint stipulation of facts regarding the contours and implementation of the Challenged Policies and Terminations. *See, e.g.,* Exh. D to Decl. of Kyle A. McLorg In Support of Plaintiffs' Motion for Summary Judgment and Class Certification at 2-11, *Thakur v. Trump*, No. 3:25-cv-04737 (N.D. Cal. Jul. 15, 2026) (ECF 211-4) (stipulation between plaintiffs and HHS-NIH pertaining to underlying facts). Absent such a stipulation, however, Plaintiffs propose expedited discovery and production of an Administrative Record to allow for a prompt motion to follow the Court's resolution of the pending motion for a preliminary injunction.

Plaintiffs met and conferred with Defendants' counsel on October 20, 2026 to understand Defendants' positions on the Court's questions and the status of the Administrative Record. During the meeting, Defendants' counsel indicated that they are opposed to converting the preliminary-injunction motion to a motion for summary judgment, declined to commit to stipulating to any relevant facts, and did not commit to producing an Administrative Record on any reasonably prompt timeline.

Plaintiffs note that NIH has already compiled and produced an Administrative Record for the Memoli Directive and all iterations of the Award Assessment Guidance documents issued through May 2025. *See* Notice of Produc. of Administrative R., *Am. Pub. Health Ass'n v. NIH*, No. 1:25-cv-10787-WGY (D. Mass. Jun. 2, 2025) (ECF 85). The bulk of that record was produced

in 12 days.[1] *See* Transcript of May 22, 2025 Status Conference at 33:8-11, *Am. Pub. Health Ass'n* (D. Mass. May 30, 2025) (ECF 82) (ordering Administrative Record on agency directives to be produced by June 2, 2025).

As noted above, although Plaintiffs do not think that it is appropriate at this time to convert the entire motion for preliminary injunction to a motion for summary judgment absent a stipulated record, one claim is currently suitable for summary judgment. Through their Sixth Claim for Relief, Plaintiffs seek vacatur of NIH's policy directing the termination of grants on a basis that is contrary to HHS regulations. *See* ECF 33 at 27–28. Defendants do not dispute the factual basis for this claim, nor do Plaintiffs foresee how any material facts could be in dispute. The claim turns on straightforward regulatory interpretation and is ripe for final disposition. Accordingly, Plaintiffs would welcome the Court's conversion of the motion for a preliminary injunction into a motion for *partial* summary judgment as to their Sixth Claim for Relief.

Respectfully submitted,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
Neil K. Sawhney (CA Bar No. 300130)
nsawhney@aclunc.org
Grayce Zelphin (CA Bar No. 279112)
gzelphin@aclunc.org
Chessie Thacher (CA Bar No. 296767)
cthacher@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs*

[1] On June 6, 2025, the *APHA* Defendants produced three additional documents. Updated Certification of Administrative R., *Am. Pub. Health Ass'n* (D. Mass. Jun. 11, 2025) (ECF 108). On June 9, 2025, the *APHA* Plaintiffs moved to complete the Administrative Record, *Am. Pub. Health Ass'n* (D. Mass. Jun. 9, 2025) (ECF 102) and the motion was granted in part and denied in part, Order, *Am. Pub. Health Ass'n* (D. Mass. Jun. 12, 2025) (ECF 110). The Defendants only partially complied with that order prior to trial. *See* Supp. Notice of Produc. of Administrative R., *Am. Pub. Health Ass'n* (D. Mass. Jun. 13, 2025) (ECF 117).